UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) | |
| ) | Case No: _____ |
| *Plaintiff*, ) | |
| ) | COMPLAINT FOR DECLARATORY |
| v. ) | AND INJUNCTIVE RELIEF |
| ) | |
| DAVID BERNHARDT, Secretary, ) | |
| U.S. Department of the Interior ) | |
| 1849 C Street NW ) | |
| Washington, DC 20240 ) | |
| ) | |
| and ) | |
| ) | |
| U.S. FISH AND WILDLIFE SERVICE, ) | |
| 1849 C Street NW ) | |
| Washington, DC 20240, ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

<u>INTRODUCTION</u>

1. Plaintiff Center for Biological Diversity ("Center" or "Plaintiff") brings this action under the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA" or "Act") challenging the failure of Secretary of the Interior David Bernhardt ("Secretary") and U.S. Fish and Wildlife Service ("Service") (collectively "the Service" or "Defendants") to make a timely final determination on the proposed listing of the Panama City crayfish (*Procambarus econfinae*) as either an endangered or threatened species under the ESA.

2. The Panama City crayfish ("crayfish") is a small, semi-terrestrial crayfish that grows to about two inches in length, excluding its claws, and is found only in Bay County, Florida. It lives in ponds and ditches within wet, pine flatwood forest. The crayfish is threatened with extinction

1

primarily due to persistent threats caused by extensive land development and the conversion of natural forests into pine plantations.



3.   Due to the serious threats crayfish face, such as impacts to freshwater quality and flow, on April 20, 2010, the Center petitioned the Service to list the crayfish under the ESA. On September 27, 2011, the Service issued a "90-day finding" in response to the Center's petition, which determined that the petition presented substantial information indicating that the listing of the crayfish "may be warranted." Endangered and Threatened Wildlife and Plants; Partial 90-day Finding on a Petition to List 404 Species in the Southeastern United States as Endangered or Threatened with Critical Habitat, 76 Fed. Reg. 59,835 (Sept. 27, 2011).

4.   After the Service failed to make a 12-month finding for the crayfish by the statutory deadline, the Center filed a lawsuit against the Service to compel a decision as to the crayfish's status, which resulted in the Service agreeing to review the status of the crayfish and make a 12-month finding as to whether listing it as threatened or endangered is warranted by September 30,

---

[1] Photograph by the Florida Fish and Wildlife Conservation Commission.

2017. *Center for Biological Diversity v. Jewell*, Case No. 1:13-cv-00975-EGS (D.D.C. Sept. 23, 2013).

5.   Finally, nearly seven years after originally receiving the petition to list the crayfish, and three months past the deadline established in the original stipulated settlement agreement to make a 12-month finding, the Service proposed listing the crayfish as a threatened species under the Act on January 3, 2018. Endangered and Threatened Wildlife and Plants; Threatened Species Status for the Panama City Crayfish, 83 Fed. Reg. 330 (Jan. 3, 2018).

6.   The Service's 12-month finding triggered a requirement that the Secretary make a final determination on the proposed listing within one year of publication of the proposed regulation, i.e., by January 3, 2019. 16 U.S.C. § 1533(b)(6)(A).

7.   After the January 3, 2019 deadline for the final determination lapsed, by letter dated June 18, 2020, the Center notified Defendants that they have violated section 4 of the ESA by failing to make a timely final listing determination for the crayfish. The Center advised Defendants that the Center intended to file suit to enforce the ESA's mandatory listing deadline. As of the date of the filing of this complaint, the Defendants have failed to make a final listing determination on the crayfish's status.

8.   Until Defendants act and make a final listing determination, the Service is in violation of the Act and the crayfish will continue to decline toward extinction. There is no legal excuse for Defendants' failure to act. By this action the Center seeks declaratory and injunctive relief to enforce the ESA's mandatory deadline for the required final determination in response to the Center's petition to list the crayfish, and to compel Defendants to determine whether listing the crayfish as endangered or threatened under the Act is warranted. 16 U.S.C. § 1533(b)(3)(B).

## JURISDICTION AND VENUE

9.   Plaintiffs bring this action under the Endangered Species Act, 16 U.S.C. §§ 1531-1544.

10. This Court has subject matter jurisdiction over this action pursuant to 16 U.S.C.

§ 1540(c) and (g)(1)(C) (actions arising under the ESA's citizen suit provision), 28 U.S.C.

§ 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1346 (actions

against the United States).

11. The requested relief is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C.

§ 2202 (injunctive relief), and 16 U.S.C. § 1540(g).

12. Plaintiff provided Defendants formal notice of its intent to file suit under the ESA on

June 18, 2020, more than 60 days prior to filing this Complaint, consistent with the ESA's

statutory requirements. 16 U.S.C. § 1540(g)(2).

13. Defendants have not remedied their continuing ESA violation as of the date of this

Complaint. Therefore, an actual controversy exists between the parties under 28 U.S.C. § 2201.

14. Venue in this Court is proper under 15 U.S.C. § 1540(g)(3)(A) and 28 U.S.C.

§ 1391(e)(1)(B) because this action is brought against a federal agency and an officer and

employee of the United States in his official capacity.

## PARTIES

15. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national nonprofit conservation

organization incorporated in California and headquartered in Tucson, Arizona, with offices

throughout the United States, including California, Florida, Hawai'i, Nevada, New Mexico,

North Carolina, Oregon, Washington, and Washington, D.C., and in Mexico. The Center works

through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. The Center has over 81,000 members across the country.

16. The Center and its members are concerned with the conservation of imperiled species, including the crayfish, and the effective implementation of the ESA. The Center brings this action on behalf of itself and its members.

17. Plaintiff organization and its members derive professional, scientific, educational, recreational, conservational, aesthetic, and other benefits from observing crayfish in the wild.

18. For example, Center members have attempted to view and study the Panama City crayfish in its natural habitat and have concrete plans to visit Panama City crayfish habitat.

19. Defendant DAVID BERNHARDT is the Secretary of the Department of the Interior and is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including listing decisions and critical habitat designations. Secretary Bernhardt is sued in his official capacity.

20. Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for the crayfish, including through prompt compliance with the ESA's mandatory listing and critical habitat deadlines. The Secretary has delegated administration of the ESA to the Service. 50 C.F.R. § 402.01(b).

21. Defendants' failure to comply with the ESA's non-discretionary deadline for issuing a final determination on the proposed listing of the crayfish deprives the crayfish of statutory protections that are vitally necessary to its survival and recovery.

22. The Center and its members have long participated in efforts to conserve the crayfish and to protect the species' habitat. The Center's conservation efforts are prompted by the concern

that the crayfish is at risk of extinction. Until the crayfish is protected under the ESA as an endangered or threatened species, the Center's interest in the conservation and recovery of this species is impaired. Therefore, the Center's members and staff are injured by the Secretary's failure to make a timely determination as to whether listing the crayfish is warranted, as is required by the ESA.

23. These injuries are actual, concrete injuries that are presently suffered by Plaintiff and its members, are directly caused by Defendants' acts and omissions, and will continue to occur unless the Court grants relief. The relief sought herein would redress these injuries. Plaintiff and its members have no other adequate remedy at law.

## STATUTORY BACKGROUND

24. Recognizing that endangered and threatened species are of "esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people," Congress enacted the ESA in 1973 "to provide a program for the conservation of" these species and "a means whereby the ecosystems upon which [these] species depend may be conserved." 16 U.S.C. § 1531(a)(3), (b).

25. To this end, section 4 of the ESA requires the Secretary to determine whether any species is "endangered" or "threatened," and if so, list the species under the ESA. *Id*. § 1533(a), (c). The Secretary has delegated its administration of the ESA to the Service. 50 C.F.R. § 402.01(b).

26. A "species" is "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16). An "endangered species" is any species that "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A "threatened species" is any species that

"is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

27. The Service must list a species if it is endangered or threatened due to: "(A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence." *Id.* § 1533(a)(1). The Service must make listing determinations "solely on the basis of the best scientific and commercial data available to him after conducting a review of the status of the species." *Id.* § 1533(b)(1)(A); *accord* 50 C.F.R. § 424.11(b).

28. The ESA has a suite of substantive legal protections that apply once a species is listed as endangered or threatened. For example, ESA section 7(a)(2) requires all federal agencies to ensure that their actions do not "jeopardize the continued existence" of any endangered or threatened species or "result in the destruction or adverse modification" of any listed species' "critical habitat." 16 U.S.C. § 1536(a)(2). ESA section 9 prohibits, among other actions, "any person" from "taking" protected animals without lawful authorization from the Service. *Id.* §§ 1538(a)(1)(B), 1539. Other provisions require the Service to designate "critical habitat" for listed species, *id.* § 1533(a)(3); require the Service to "develop and implement" recovery plans for listed species, *id.* § 1533(f); authorize the Service to acquire land for the protection of listed species, *id.* § 1534; and authorize the Service to make federal funds available to states in order to assist in the conservation of endangered and threatened species, *id.* § 1535(d).

29. To ensure the timely protection of species that are at risk of extinction, Congress established a detailed and time-bound process whereby citizens may petition the Service to list a species as endangered or threatened and the Service must respond.

30. Specifically, "[t]o the maximum extent practicable, within 90-days" of receiving a listing petition, the Service must make an initial "finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). The finding is referred to as a "90-day finding."

31. If the Service determines that listing may be warranted, it must conduct a full scientific review of the species' status, which is known as a "status review." *Id.* § 1533(b)(3)(A). Then, within 12 months of receiving the petition, the Service must make one of three findings: (1) listing is "warranted;" (2) listing is "not warranted;" or (3) listing is "warranted but . . . precluded" by other pending listing proposals, provided certain requirements are met. *Id.* § 1533(b)(3)(B). The finding is referred to as a "12-month finding."

32. If the Service's 12-month finding concludes that listing is warranted and not precluded, the agency must "promptly publish" a proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii).

33. Within one year of publication of the proposed regulation, the ESA requires the Service to render its final determination on the proposal. *Id.* § 1533(b)(6)(A). This is known as a "final listing determination." At such time, the Service must either list the species, withdraw the proposed listing rule, or if there is substantial disagreement about scientific data, delay a final determination for up to six months to solicit additional scientific information. *Id.* § 1533(b)(6)(A)(i), (B)(i).

34. The ESA's strict protections do not safeguard species at risk of extinction until the Service lists the species as endangered or threatened. Accordingly, it is critical that the Service strictly comply with the Act's listing procedures and deadlines to ensure species are listed in a timely manner.

<u>FACTUAL BACKGROUND</u>

35. The Panama City crayfish is endemic to northwestern Florida. There are only 13 surviving populations remaining of this species, all of which are found in Bay County in Florida's panhandle.

36. Historically, the Panama City crayfish was known only from flatwoods and wet-prairie marshes in Jefferson, Leon, and Wakulla counties, but most of that land has been lost to development. It is now found in ditches and swales in isolated areas of Bay County.

37. The greatest threat to the crayfish's survival is continued habitat loss and degradation, habitat fragmentation, and subpopulation isolation, all of which are due to land development. Additional stressors to the species include collection for bait, off-road vehicle use, insecticide application, and habitat degradation from point source pollution.

38. The Florida Fish and Wildlife Conservation Commission considers the Panama City crayfish a state species of special concern.

39. The Florida Natural Areas Inventory ("FNAI"), a state-based organization that manages and inventories Florida's biological diversity, ranks the crayfish as critically imperiled G1/S1, which means that it is extremely rare and/or extremely vulnerable to extinction due to some natural or man-made factor(s).

40. The International Union for Conservation of Nature ("IUCN"), an environmental union of governments and scientific experts on international conservation and global biodiversity, has

listed the crayfish as endangered, which means that it faces a very high risk of extinction in the wild.

41. While the FNAI and IUCN statuses reflect the general conservation concern that scientists have for the species, they do not confer protections from harm like overcollection or habitat degradation.

42. Based on its limited range and threats to its habitat, the Center submitted a petition to the Service on April 20, 2010 to list the crayfish as an endangered or threatened species under the ESA.

43. On September 26, 2011, the Service issued a positive 90-day finding on the crayfish. This finding concluded that the Center's petition presented substantial scientific or commercial information indicating that listing the crayfish may be warranted. 76 Fed. Reg. 59,835 (Sept. 27, 2011).

44. The Center filed a lawsuit against the Service compelling it to make a proposed listing decision on the crayfish, which it finally did on January 3, 2018, proposing to list the crayfish as threatened. 83 Fed. Reg. 330 (Jan. 3, 2018). The Service's 2018 proposed listing triggered a mandatory requirement under ESA that the Service make a final determination on the proposed listing by January 3, 2019 at the latest.

45. More than 20 months have passed since the Service failed to meet its January 3, 2019 statutory deadline to issue a final determination on the proposed rule to list the crayfish.

PLAINTIFF'S CLAIM FOR RELIEF

Violation of the ESA, 16 U.S.C. § 1533(b)(6)(A)(i), Failure to Make a Timely Final Listing Determination on the Panama City Crayfish

46. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

47. The ESA requires Defendants to publish a final listing determination for the Panama City crayfish within the mandatory period of one year from the date of publication of the proposed listing. *Id.* § 1533(b)(6)(A).

48. Defendants' failure to make a timely final determination on the proposed rule to list the Panama City crayfish violates the ESA. 16 U.S.C. §§ 1533(b)(6)(A), 1540(g).

49. The Center and its members are injured by Defendants' failure to make a final listing determination.

<u>REQUEST FOR RELIEF</u>

The Center respectfully requests that the Court enter Judgment for Plaintiff providing the following relief:

(1)     Declare that Defendants violated the ESA by failing to make a timely final listing determination on the proposed rule to list the Panama City crayfish as a threatened species;

(2)     Order the Service to issue, by date certain, a final listing determination for the Panama City crayfish;

(3)     Grant Plaintiff their reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. §1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. §2412; and

(4)     Provide such other relief as the Court deems just and proper.


DATED:     October 1, 2020               Respectfully submitted,


                                        /s/Jaclyn Lopez
                                        Jaclyn Lopez, Trial Counsel
                                        (D.C. Bar No. FL0017)
                                        Center for Biological Diversity
                                        P.O. Box 2155
                                        St. Petersburg, FL 33731
                                        Tel: (727) 490-9190

Fax: (510) 844-7150

jlopez@biologicaldiversity.org

Lalli Venkatakrishnan
(CA Bar No. 323747)*
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (510) 676-0348
Fax: (510) 844-7150
lvenkat@biologicaldiversity.org

*Attorneys for Plaintiff*

  *Seeking admission *pro hac vice*