IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　Plaintiff,<br>v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the U.S. Department of Interior, and U.S. FISH AND WILDLIFE SERVICE,<br><br>　　　Defendants. | Case No.: 1:20-cv-02785-RBW |

**STIPULATED SETTLEMENT AGREEMENT AND ~~PROPOSED~~ ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service ("Service"), who by and through their undersigned counsel, state as follows:

WHEREAS, on April 20, 2010, the Service received from Plaintiff a petition to list the Panama City crayfish (*Procambarus econfinae*) as a threatened or endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*;

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in response to Plaintiff's petition to list the Panama City crayfish, in which the Service concluded that the petition presented substantial information indicating that the listing of the Panama City crayfish under the ESA "may be warranted." 76 Fed. Reg. 59,836 (Sept. 27, 2011);

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(B), the Service issued a proposed rule in 2018 to list the Panama City crayfish as a threatened species under the ESA. 83 Fed. Reg. 330 (Jan. 3, 2018);

1

WHEREAS, on June 18, 2020, Plaintiff sent a letter to Defendants stating an intent to file suit to compel the Service to act on its proposed rule to list the Panama City crayfish, pursuant to 16 U.S.C. § 1533(b)(6)(A);

WHEREAS, on August 14, 2020, the Service sent a response to Plaintiff's letter explaining that it planned to reopen the comment period on the proposed listing rule and develop a proposed critical habitat and ESA section 4(d) rule by the end of calendar year 2020 and publish a final listing determination for the Panama City crayfish within one year of publishing those proposals;

WHEREAS, on October 1, 2020, Plaintiff filed a complaint for declaratory and injunctive relief, alleging that Defendants had violated the ESA by failing to make a final listing determination as outlined in 16 U.S.C. § 1533(b)(6)(A). ECF No. 1;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect of Plaintiff's substantive claims or Plaintiff's demand for attorneys' fees and costs, have reached a settlement that they consider to be in the public interest and just, fair, adequate, and equitable;

WHEREAS, the parties believe it is in the interest of judicial economy and the parties' best interests to avoid litigation of the issue of attorneys' fees and costs;

THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before December 15, 2021, the Service shall submit to the Federal Register a final listing determination for the Panama City crayfish, pursuant to 16 U.S.C. § 1533(b)(6)(A).

2. This Agreement requires Defendants to take the action described in Paragraph 1 by the deadline specified in that Paragraph. The Agreement shall not (and shall not be construed to) limit or modify the discretion accorded to the Service by the ESA, Administrative Procedure

2

Act ("APA"), or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take any action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.

3. To challenge any final rule issued in accordance with this Agreement, Plaintiff will be required to file a separate action and otherwise comply with applicable legal requirements.

4. The order entering this Agreement may be modified by the Court upon good cause shown consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

5. In the event that Defendants fail to meet the deadline specified in Paragraph 1, Defendants have not sought to modify the deadlines, and the parties cannot resolve the claim pursuant to the meet and confer provisions of Paragraph 4, Plaintiff's first remedy shall be a

motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6.  No party shall use this Agreement or its terms as evidence of what does or does not constitute a reasonable timeline for making a proposed or final critical habitat designation rule in any other administrative or judicial proceeding regarding Defendants' implementation of the ESA.

7.  Nothing in this Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. The Parties do not waive any claim or defense they may have concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. This Agreement is executed solely for the purpose of compromising and settling Plaintiff's complaint, and nothing herein shall be construed as precedent in any other context.

8.  Defendants agree to settle Plaintiff's entire claim for attorneys' fees and costs in the above-captioned matter for a total of $7,500 pursuant to the ESA, 16 U.S.C. § 1540(g)(4).

9.  Plaintiff agrees to accept payment of $7,500 in full satisfaction of any and all claims for attorneys' fees and costs in the above-captioned matter, through and including the date of this Agreement.

10. Plaintiff agrees that receipt of this payment of $7,500 shall operate as a release of any and all claims for attorneys' fees and costs that they possess against the United States, including each named Defendant, incurred in the above-captioned matter, through and including the date of this Agreement.

11. Defendants' payment, as identified in Paragraph 8 above, shall be accomplished via electronic payment. Within ten business days after the entry of an order approving this Agreement, Plaintiff agrees to provide Defendants' counsel with the following information necessary for Defendants to process the electronic transfer: (i) the name of the payee; (ii) the payee's address; (iii) the payee's telephone number; (iv) the name of the payee's bank where the funds will be deposited; (v) the city and state that the bank is located in; (vi) the payee's bank account number; (vii) account type; (viii) bank routing number; (ix) transit number; (x) the payee's tax identification number; and (xi) Plaintiff's tax identification number.

12. Defendants agree to submit all necessary paperwork for the processing of the payment to the Department of the Treasury's Judgment Fund Office within 15 business days of the Court approving this agreement or Plaintiff providing the necessary information outlined in Paragraph 11, whichever is later.

13. Plaintiff shall send written confirmation of the receipt of payment to Defendants' counsel within 14 days of receiving the payment.

14. Plaintiff and Plaintiff's counsel agree to hold Defendants harmless in any litigation, further suit, or claim arising from errors not attributable to Defendants that are related to the authorized transfer of the agreed-upon settlement amount.

15. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

16. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates, in any future litigation or continuation of

the above-captioned matter. Further, this Agreement, including the provisions relating to attorneys' fees and costs, has no precedential value in any other context and shall not be cited in any other litigation except as necessary to enforce the terms of this Agreement.

17. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were denied and disputed by the parties. The Agreement contains all of the agreement between the parties and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

18. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

19. Upon approval of this Agreement by the Court, Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the parties stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375 (1994).

20. The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and that they agree to the terms herein.

Dated: April 14, 2021          Respectfully submitted,

                               JEAN E. WILLIAMS, Acting Assistant Attorney General
                               SETH M. BARSKY, Chief
                               MEREDITH L. FLAX, Assistant Chief

/s/ Taylor A. Mayhall
TAYLOR A. MAYHALL, Trial Attorney
MN Bar # 0400172
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3796
Email: taylor.mayhall@usdoj.gov

Attorneys for Defendants

/s/ Jaclyn Lopez
JACLYN LOPEZ, Trial Attorney
DC Bar No. FL0017
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Email: jlopez@biologicaldiversity.org

Lalli Venkatakrishnan, Trial Attorney
CA Bar No. 323747*
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (510) 676-0348
Email: lvenkat@biologicaldiversity.org
*Attorneys for Plaintiff*

*Admitted *pro hac vice*

**IT IS SO ORDERED.**

Dated: April 28, 2021            Signed by: /s/ Reggie B. Walton

**Hon. Reggie B. Walton
United States District Judge**